1  JIVAKA CANDAPPA, (SBN 225919)
Law Office of Jivaka Candappa
2  180 Grand Avenue, Suite 700
Oakland, CA 94612
3  Telephone: (510) 628-0300
Facsimile: (510) 628-0400
4

FILED

10 NOV 24 PM 12: 16

DEPUTY

5  Attorney for Plaintiffs, MAI DO GALVAN and CORY GRANT

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

11  MAI DO-GALVAN and CORY GRANT,          )  Case No.:
                                          )
12         Plaintiffs,                     )
                                          )  '10 CV 2 4 2 5 DMS      CAB
13         vs.                             )
                                          )  **COMPLAINT FOR DAMAGES**
14  THE RUMSON GROUP, LLC, RUMSON         )  **(Breach of Contract, Promissory Estoppel,**
    CAPITAL, LLC, RUMSON CAPITAL, L.P.,   )  **Unjust Enrichment, Conversion, Intentional**
15  RUMSON CAPITAL, INC., SAMUEL          )  **Misrepresentation, Constructive Fraud, 15**
16  MANGEL, CANDICE MANGEL, ROBERT        )  **U.S.C. § 77q; California Corporations Code**
    MEYERS, ROBERT DALY, and TODD         )  **§ 25401; Fraudulent Transfer)**
17  SHELBAUGH                             )
                                          )
18                                        )
           Defendants.                     )
19                                        )
                                          )
20                                        )  **DEMAND FOR JURY TRIAL**
                                          )
21                                        )
                                          )
22                                        )
                                          )
23                                        )
                                          )
24                                        )
                                          )
25                                        )
                                          )
26                                        )
                                          )
27                                        )
                                          )
28                                        )

**Complaint for Damages**          *Do-Galvan & Grant v. Rumson Group et al.*

1    Plaintiffs, MAI DO-GALVAN and CORY GRANT, hereby allege as follows:

2                                    **INTRODUCTION**

3          1.      Plaintiffs MAI DO-GALVAN and CORY GRANT bring this lawsuit against the

4    RUMSON GROUP, LLC, RUMSON CAPITAL, LLC, RUMSON CAPITAL, L.P., RUMSON

5    CAPITAL, INC., SAMUEL MANGEL, CANDICE MANGEL, ROBERT MEYERS, ROBERT

6    DALY, and TODD SHELBAUGH for violating Plaintiffs' legal rights under United States and

7    California law, for fraudulently depriving Plaintiffs of compensation owed to them, for

8    converting Plaintiff's compensation to their own personal use, and for breach of fiduciary

9    duties.  Plaintiffs seek compensatory, exemplary and punitive damages, restitution, attorney fees

10   and costs of suit.

11         2.      Plaintiffs and Defendants transact business in the life insurance settlement

12   market, which involves the sale of existing life insurance policies to third parties.  In 2009,

13   Plaintiffs and Defendants entered into contracts for the settlement of three life policies held by

14   Plaintiffs' clients, Robert Oder, Monica Oder and Harry Harrison.  Defendants served as the

15   life settlement broker and promised to compensate Plaintiffs in the sum total of $340,000 for

16   the settlement of two life policies held by Robert Oder and Monica Oder, and $10,000 for a

17   life policy held by Harry Harrison.

18         3.      Defendants did not compensate Plaintiffs as promised, breached their

19   contractual obligations to Plaintiffs, and defrauded Plaintiffs in a sum that exceeded $180,000.

20   Defendants have repeatedly acknowledged that they owed Plaintiffs money in connection

21   with the Oder and Harrison contracts and promised to pay Plaintiffs the amount owed.  To-

22   date, Defendants have not compensated Plaintiffs as promised.

23                                      **PARTIES**

24         4.      Plaintiff MAI DO-GALVAN is a California licensed life insurance agent and a

25   partner in the firm of Grant, Hinkle & Jacobs, a firm that provides estate planning, wealth

26   protection and insurance services.  At all times material to this complaint Plaintiff MAI DO-

27   GALVAN was a resident of the County of San Diego in the State of California.

28

---

**Complaint for Damages**              *Do-Galvan & Grant v. Rumson Group et al.*

1    5.    Plaintiff CORY GRANT is a California licensed life insurance agent and the

2  managing partner in the firm of Grant, Hinkle & Jacobs, a firm that provides estate planning,

3  wealth protection and insurance services.  At all times material to this complaint Plaintiff

4  CORY GRANT was a resident of the County of San Diego in the State of California.

5    6.    On information and belief, Defendant RUMSON GROUP, LLC is a national

6  corporation with its principal place of business in Jenkintown, Pennsylvania.

7    7.    On information and belief, Defendant RUMSON CAPITAL, LLC is a national

8  corporation with its principal place of business in Jenkintown, Pennsylvania.  RUMSON

9  CAPITAL LLC is the general partner of RUMSON CAPITAL, L.P.

10    8.    On information and belief, Defendant RUMSON CAPITAL, L.P. is a

11  Pennsylvania limited partnership with its registered business address and principal place of

12  business in Jenkintown, Pennsylvania.

13    9.    On information and belief, Defendant RUMSON CAPITAL, INC., is a

14  national corporation with its principal place of business in Jenkintown, Pennsylvania.

15    10.    On information and belief, Defendant SAMUEL MANGEL was at all times

16  material to this complaint the President of Rumson Group, LLC, and a resident of the State of

17  Pennsylvania.

18    11.    On information and belief, Defendant CANDICE MANGEL was at all times

19  material to this complaint the President of Rumson Capital, LLC and Rumson Capital, Inc, and

20  a resident of the State of Pennsylvania.

21    12.    On information and belief, Defendant ROBERT MEYERS was at all times

22  material to this complaint the President of Rumson Capital L.P., and a resident of the State of

23  Pennsylvania.

24    13.    On information and belief, Defendant ROBERT DALY was at all times

25  material to this complaint the Vice President of Life Settlements, Rumson Capital L.P., and a

26  resident of the State of Pennsylvania.

27    14.    On information and belief, TODD SHELBAUGH was at all times material to

28  this complaint the Executive Vice President of RUMSON CAPITAL, L.P., and a resident of

---

**Complaint for Damages**              *Do-Galvan & Grant v. Rumson Group et al.*

1   the State of Pennsylvania.

2       15.     Plaintiffs are informed and believe that the Defendants caused, and are

3   responsible for the wrongful conduct described below, and the resulting damages to Plaintiffs in

4   that each of the Defendants participated in the wrongful conduct; acted jointly with others who

5   did so; authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed

6   to take action to prevent the unlawful conduct; were deliberately indifferent to Plaintiffs' rights;

7   did not initiate and maintain adequate training and supervision; failed to prevent further harm to

8   Plaintiffs; and/or ratified the unlawful conduct and actions by employees and agents under

9   Defendants' direction and control, including failure to take remedial action.

## JURISDICTION AND VENUE

11      16.     This Court has subject matter jurisdiction over the parties and this action

12  pursuant to: a) 28 U.S.C. § 1331 in that the claim or controversy between the parties involves a

13  question of federal law, and b) 28 U.S.C. § 1332 in that Plaintiffs and Defendants are citizens of

14  different states, and the claim, exclusive of interests and costs, exceeds the minimum

15  jurisdictional amount of $75,000.  Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction to

16  declare the rights of the parties and to grant all further relief deemed necessary and proper.

17      17.     This Court has personal jurisdiction over Defendants because Defendants have

18  transacted and continue to transact business within the State of California, have entered into

19  contracts for services to be performed in the State of California, including the contracts at issue

20  in this Complaint, and did or caused an act to be done or consequences to occur in the State of

21  California, which resulted in harm to Plaintiffs.  Further, Defendants were aware at all relevant

22  times that Plaintiffs, Mai Do-Galvan and Cory Grant, were residents of the State of California

23  and conducted business in the State of California.

24      18.     Venue lies in United States District Court for the Southern District of California

25  pursuant to 28 U.S.C. §§ 84 and 1391 because Plaintiffs and Defendants conduct business in the

26  County of San Diego, one or more of the corporate Defendants named herein are deemed

27  residents of the County of San Diego by virtue of conducting business in the County of San

28

---

**Complaint for Damages**                    *Do-Galvan & Grant v. Rumson Group et al.*

1  Diego, and a substantial part of the events or omissions giving rise to the claims alleged in this

2  Complaint occurred in the County of San Diego.

3  **GENERAL ALLEGATIONS**

4  The Parties' Involvement in the Life Settlement Market

5  19.   Plaintiffs and Defendants transact business in what is known as the life

6  settlement market.  A life settlement is a financial transaction that involves the purchase and

7  sale of an existing life insurance policy to a third party in an amount that typically exceeds the

8  surrender value of the policy, but less than its face value.

9  20.   Life insurance policies are openly and lawfully sold in this secondary life

10  insurance market through the use of brokers, insurance agents, or other financial advisors.  In a

11  typical transaction, the policyholder, through his or her life insurance agent, financial advisor or

12  broker, would market the policy to prospective purchasers, known as life settlement providers,

13  with the objective of soliciting the highest bid for the policy.  The purchasers of such policies

14  are often investors or investment groups, who market themselves within this secondary market

15  as active purchasers of such policies.

16  21.   Defendants are, *inter alia*, life settlement brokers and for compensation market

17  life insurance policies to life settlement providers.  Plaintiffs use the services of life settlement

18  brokers to identify potential buyers, *i.e.*, life settlement providers, and to facilitate their clients'

19  sale of life insurance policies to the highest bidder.  Plaintiffs are compensated for their services

20  at an amount that is negotiated beforehand with the life settlement broker.

21  22.   Upon the completion of a successful life settlement, the policyholder is able to

22  utilize the net proceeds from the sale, as opposed to waiting for the receipt of benefits upon an

23  insured's demise.

24  23.   Plaintiffs and Defendants have been doing business since 2001.  Specifically,

25  Defendants submitted eight (8) bids to Plaintiffs in 2001, seven (7) bids in 2002, nine (9) bids in

26  2003, eleven (11) bids in 2004, and three (3) bids in 2007 in connection with the settlement of

27  life policies held by Plaintiffs' clients.  Further, Defendants submitted three (3) bids in 2009 that

28  are at issue in this litigation.  Through 2009, Plaintiffs and Defendants enjoyed a good working

---

**Complaint for Damages**                    *Do-Galvan & Grant v. Rumson Group et al.*

1  relationship.  Defendants paid Plaintiffs the compensation due to them consequent to the

2  settlement of the life policies of Plaintiffs' clients.  From 2001 to 2007, Defendants submitted

3  bids to Plaintiffs totaling $15,000,000 and paid approximately $950,000 in compensation to

4  Plaintiffs.

5       Oder Life Settlements

6       24.     In or around April 2009, Plaintiffs solicited bids from life settlement brokers,

7  including Defendants, for the sale of two life insurance policies held by Robert Oder and

8  Monica Oder on the life of Helon Oder.  The two policies, numbered 157206430 and

9  157208144, were issued by AXA Equitable Life Insurance Company.

10       25.     Plaintiffs received a bid from Coventry for $900,000 for each of the Oder life

11  insurance policies.  The Coventry offer was subsequently communicated to Defendants with the

12  objective of obtaining a higher bid.

13       26.     On or about May 11, 2009, Defendant Todd Shelbaugh emailed Plaintiff Mai

14  Do-Galvan asking her to confirm the offer from Coventry.  Defendants Samuel Mangel and

15  Robert Daly were copied on the email.

16       27.     On May 12, 2009, consequent to Ms. Do-Galvan's confirmation of the Coventry

17  offer, Defendants submitted a written offer to issue contracts for the settlement of the two Oder

18  policies for $935,000 net per policy, which included compensation to Plaintiffs in the sum of

19  $170,000 per policy, for a sum total of $340,000.  The prospective purchaser ("provider") was

20  Berlin Atlantic Capital Life Settlements, LLC ("BAC Life Settlements, LLC").

21       28.     On May 12, 2009, Plaintiffs accepted Defendants' offer in writing and produced

22  a verification of coverage to Defendants.

23       29.     On May 13, 2009, two escrow accounts were opened with Wells Fargo Bank, the

24  escrow agent, in connection with the settlement of the two Oder policies.

25       30.     Plaintiffs were not privy to disbursement details relating to the Oder life

26  settlements.

27

28

---

**Complaint for Damages**             *Do-Galvan & Grant v. Rumson Group et al.*

31.     On June 22, 2009, Defendant Rumson Capital L.P. issued a check payable to Plaintiff Mai Do-Galvan in the amount of $170,000.  The Memo line of this check stated, "Oder Comp #1."

32.     Defendants, however, did not pay Plaintiffs the balance of $170,000 due to them from the settlement of the second Oder life policy.

33.     On or about July 2, 2009, Plaintiff Mai Do-Galvan emailed Defendant Samuel Mangel inquiring about the compensation due to Plaintiffs from the Oder Settlements. Defendant Mangel replied that he had contacted the funders, *i.e.*, life settlement provider, and would get back to Plaintiffs.

34.     On or about July 6, 2009, Ms. Do-Galvan emailed Defendant Samuel Mangel again inquiring whether he had heard from the funders.  Defendant Mangel responded via email stating that he was working with funders on clearing up an alleged mistake regarding the rescission of the Oder contracts.

35.     On July 8, 2009, Ms. Do-Galvan sent another email to Defendant Mangel informing him that Plaintiff Cory Grant was unhappy that they had not been paid as yet and requested to speak to the settlement provider/funder, BAC Life Settlements, LLC.

36.     This correspondence marked the beginning of several emails exchanged between Plaintiffs and Defendants concerning the compensation due to Plaintiffs from Defendants.  In the course of these communications, Defendant Mangel represented that he was making phone calls to the funder, *i.e.*, settlement provider, arranging compensation from other accounts to pay Plaintiffs, and that he was working on getting Plaintiffs paid.

37.     As time passed, Defendant Mangel advanced other reasons as to why Plaintiffs had not been compensated.  For instance, on August 7, 2009, and August 13, 2009, Defendant Mangel claimed that one of his employees had committed fraud with respect to certain life settlements, including Plaintiffs' contracts at issue here.  True and correct copies of Defendant Samuel Mangel's emails of August 7 and August 13, 2009, to Plaintiff Mai Do-Galvan are attached hereto as Exhibit 1.

---

**Complaint for Damages**                    *Do-Galvan & Grant v. Rumson Group et al.*

38.     Further, Defendant Samuel Mangel repeatedly acknowledged that Defendants owed Plaintiffs money and promised to pay Plaintiffs from money received from other accounts.  Defendant Mangel promised, "I will never let you down, there is a problem with the fund and what they are saying they are now responsible for, however that is my problem, not yours!  I will handle this for you under all circumstances!!"  In another email, Defendant Mangel represented that payment would be made in full by July 28, 2009.

39.     On September 11, 2009, Defendant Mangel sent an email to Plaintiffs under the subject heading "debt."  In that email, Defendant not only acknowledged that he owed money to Plaintiffs, but also promised that he would pay Plaintiffs when other deals materialized. Specifically, Defendant stated that he had "3 deals going to closing next week" and stated that, "We think that we will be in a position to reduce or eliminate any of the outstanding money owed to your firm once these settle, and will pay you as they settle, not waiting for them all to conclude."  Defendant Samuel Mangel also represented in writing that, "I promise to keep you 100% in the loop as each deal moves forward."  Despite Defendants' acknowledgment of the debt and representations to Plaintiffs, Defendant Mangel did not inform Plaintiffs when these deals closed and did not compensate Plaintiffs, as promised.

40.     On October 1, 2009, approximately three weeks after promising to compensate Plaintiffs, Defendant Samuel Mangel emailed Plaintiffs and represented that Defendants had completed two deals, and expected to pay Plaintiffs within the next two weeks.

41.     On October 7, 2009, Defendant Mangel emailed Ms. Do-Galvan under the subject heading "Debt," again representing that he expected to be able to pay Plaintiffs "all or nearly all of the money owed you!  Please let Cory know this too."  However, Defendants did not compensate Plaintiffs as promised.

42.     On November 2, 2009, Plaintiff Mai Do-Galvan emailed Defendants asking for an update on the compensation due to Plaintiffs.  In response, Defendant Mangel represented that he would pay Plaintiffs once Defendants were compensated from one of six deals that they were working on.  Defendant Mangel again acknowledged the debt to Plaintiffs and represented that, "We are on target for resolving part or most the debt within the next two weeks."  At the

---

**Complaint for Damages**                    *Do-Galvan & Grant v. Rumson Group et al.*

1  end of two weeks, on November 16, 2009, Ms. Do-Galvan emailed Defendant Mangel

2  requesting an update on the compensation due to Plaintiffs. Defendant responded that he was

3  very close to paying them. A similar representation was made by Defendant Mangel on

4  December 1, 2009. True and correct copies of Defendants' emails acknowledging the

5  compensation owed to and related promises to pay Plaintiffs are attached hereto as Exhibit 2.

6       43.     On February 9, 2010, Ms. Do-Galvan made one final attempt to collect the

7  compensation due to Plaintiffs. Defendant Samuel Mangel responded stating that, "While you

8  can certainly take legal remedies, I doubt that would be too successful at this point. . . . Trust

9  me, legal action will simply make the attorneys wealthier and wind up getting your clients

10  involved which wouldn't help anyone."

11       44.     During the time that Plaintiffs were in communication with Defendants,

12  Plaintiffs were not privy to the disbursement of funds relating to the Oder life settlements.

13       45.     In March of 2010, Plaintiffs obtained the relevant escrow documents relating to

14  the Oder life settlements through their clients, Robert Oder and Monica Oder.

15       46.     The escrow documents revealed Defendants' fraud and misrepresentations

16  relating to the disbursements of the Oder funds.

17       47.     The escrow documents revealed that the life settlement funds for the Oder

18  policy, number 157206430, were transferred to the relevant escrow account on June 2, 2009.

19  On June 11, 2009, the Oders received the net proceeds due to them. On June 16, 2009,

20  $235,000 was disbursed to Rumson Capital, L.P. According to the parties' agreement,

21  $170,000 of the $235,000 constituted Plaintiffs' compensation. The escrow account relating to

22  the settlement of the Oder policy number 157206430 closed on July 9, 2009.

23       48.     The escrow documents relating to the settlement of the Oder policy number

24  157208144 revealed that the relevant settlement funds were transferred to the escrow account on

25  June 12, 2009. On June 17, 2009, the Oders received the net proceeds due to them. On June

26  17, 2009, $235,000 was disbursed to Rumson Capital, LP. According to the parties' agreement,

27  $170,000 of the $235,000 constituted Plaintiffs' compensation. The escrow account relating to

28  the settlement of the Oder policy 157208144 closed on July 9, 2009.

---

<u>Harrison Settlement</u>

49.    In or around May 2009, Plaintiffs solicited bids from life settlement brokers, including Defendants, for the settlement of a life insurance policy held by their client, Harry Harrison.  The policy, 207091028 MLU, was issued by MetLife.

50.    On May 29, 2009, Defendants submitted a written offer to settle the Harrison policy for $60,000 gross, which included a net payment of $45,000 to the policyholder Harry Harrison, $10,000 in compensation to Plaintiffs, and $5,000 in compensation to Defendants. The prospective purchaser ("provider") was Vespers LLC.

51.    Plaintiffs accepted Defendants' offer in writing and produced a verification of coverage to Defendants on or about June 9, 2009.

52.    Plaintiffs were not privy to the disbursement details relating to the Harrison life settlement and had no reason to believe that Defendants were being dishonest or intended to defraud Plaintiffs.

53.    As noted above, between July 2009 and February 2010, Plaintiffs and Defendants exchanged emails regarding payment of compensation owed to Plaintiffs.  Notably, between July 2, 2009, and July 6, 2009, Plaintiff and Defendant exchanged emails under the subject heading "Harrison" in which Defendant Samuel Mangel represented that he was working on obtaining Plaintiffs' compensation for the Harrison settlement.  Specifically, Defendant Mangel stated, "We have 4 calls into them and I will advise."

54.    Defendants, however, did not compensate Plaintiffs as promised.

55.    In March of 2010, Ms. Do-Galvan sent several requests to Vespers LLC, the Harrison life settlement provider, requesting disbursement details relating to the Harrison settlement.

56.    On April 9, 2010, Plaintiffs learned from Vespers LLC that the Harrison policy had in fact settled for $75,000 gross and not $60,000, as represented by Defendants.  Further, Defendant Rumson Capital L.P. received a disbursement of $30,000 on July 6, 2009, despite the fact that its compensation pursuant to the contract with Plaintiffs was limited to $5,000.

/ . / . /

## STATEMENT OF DAMAGES

57.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs sustained economic damages, out of pocket expenses and attorney fees.

58.     Defendants' acts and omissions were intentional, willful, malicious, reckless, and in conscious disregard of Plaintiffs' protected rights. As such, to deter future similar conduct by Defendants, Plaintiffs are entitled to an award of punitive and exemplary damages against Defendants.

## FIRST CAUSE OF ACTION
### Breach of Contract on Oder Settlements

59.     Plaintiffs re-allege and reincorporate each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections in this Complaint, as though fully set forth herein.

60.     Defendants Rumson Group, LLC, Rumson Capital, LLC, and Rumson Capital, L.P., by and through their officers and employees named herein, including Defendants Samuel Mangel, Candice Mangel, Robert Meyers, Robert Daly and Todd Shelbaugh agreed in writing to compensate Plaintiffs for services to be rendered by Plaintiffs in connection with the settlement of life insurance policies (numbers 157206430 and 157208144) held by Plaintiffs' clients, Robert Oder and Monica Oder, to a buyer identified and secured by Defendants. The agreement between Plaintiffs and Defendants expressly provided that Plaintiffs would receive the sum of $170,000 from the settlement of each policy for a sum total of $340,000 in compensation.

61.     Pursuant to the parties' contract, Plaintiffs provided Defendants with verification of coverage with the respect to the two Oder life insurance policies and fully performed all contractual duties, conditions and obligations pursuant to the contract between Plaintiffs and Defendants. Thereafter, Plaintiffs' clients, and Defendants buyer, BAC Life Settlements, LLC, entered into written contracts and related escrow agreements for the settlement of the two Oder life insurance policies.

62. On June 11 and June 12, 2009, Robert and Monica Oder received the net proceeds from the settlement of life insurance policies 157206430 and 157208144, respectively.

63. On June 16, 2009, Defendant, Rumson Capital, L.P., received a disbursement in the sum of $235,000 in connection with the settlement of the Oder life insurance policy, number 157206430, which included Plaintiffs' commission in the sum of $170,000.

64. On June 17, 2009, Defendant, Rumson Capital, L.P., received a disbursement in the sum of $235,000 in connection with the settlement of the Oder life insurance policy 157208144, which included Plaintiffs' commission in the sum of $170,000.

65. By check dated June 22, 2009, Defendant Rumson Capital L.P. compensated Plaintiffs in the sum of $170,000 for their services in connection with one of the Oder life settlements.

66. The balance $170,000 owed by Defendants to Plaintiffs from the settlement of the second Oder life insurance policy has not been paid as yet.

67. Defendants intentionally withheld paying Plaintiffs the full compensation owed to them by making false claims relating to the start of the Oder-BAC contract rescission period, failing to acknowledge timely receipt of compensation under the Oder contracts, falsely claiming that Defendants had not received the disbursements from the settlement of the two Oder policies when in fact Defendants had received a total $470,000 in compensation as of June 17, 2009, and by otherwise prevaricating and delaying payment to Plaintiffs.

68. Defendants, improperly and without justification, only paid Plaintiffs half the amount owed and appropriated the balance $170,000 owed to Plaintiffs for their own use despite repeatedly acknowledging that Plaintiffs were entitled to compensation in the sum of $340,000 under the Oder settlements.

69. As an actual and proximate result of Defendants' breaches of these express contractual terms set forth herein, Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of this Court, plus attorney fees and costs, and additional amounts according to proof at time of trial.

---

**Complaint for Damages**                      *Do-Galvan & Grant v. Rumson Group et al.*

## SECOND CAUSE OF ACTION
### Breach of Contract on Harrison Settlement

70.    Plaintiffs re-allege and reincorporate each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

71.    Defendants Rumson Group, LLC, Rumson Capital, LLC, and Rumson Capital, L.P., by and through their officers and employees named herein, including Defendants Samuel Mangel, Candice Mangel, Robert Meyers, Robert Daly and Todd Shelbaugh agreed in writing to compensate Plaintiffs for services to be rendered by Plaintiffs in connection with the settlement of life insurance policy 207091028 MLU held by Plaintiffs' client, Harry Harrison, to a buyer identified and secured by Defendants.  The agreement between Plaintiffs and Defendants expressly provided that Plaintiffs would receive compensation in the sum of $10,000 upon settlement of the policy.

72.    Pursuant to the parties' contract, Plaintiffs provided Defendants with verification of coverage with the respect to the Harrison life insurance policy and fully performed all contractual duties, conditions and obligations pursuant to the contract between Plaintiffs and Defendants.  Thereafter, Plaintiffs' client, Harrison, and Defendants' buyer, Vespers LLC, entered into a written contract for the settlement of the Harrison life insurance policy.

73.    On or about July 6, 2009, Harry Harrison received the net proceeds from the settlement of life insurance policy 207091028 MLU.

74.    On or about July 6, 2009, Rumson Capital, L.P., received a disbursement in the sum of $30,000 in connection with the settlement of policy 207091028 MLU, which included Plaintiffs' commission in the sum of $10,000.

75.    Despite completion of the settlement relating to the Harrison life insurance policy and receipt of the relevant disbursements, Defendants have not paid the $10,000 due to Plaintiffs.

76.    Defendants intentionally withheld the compensation owed to Plaintiffs, falsely claimed that they had not received disbursements from the settlement of the Harrison life policy

1  when in fact they had received a total of $30,000 in compensation as of July 6, 2009, failed to

2  implement adequate procedures and systems to respond to Plaintiffs' requests for updated

3  information relating to the money owed to Plaintiffs, and otherwise prevaricated and delayed

4  payment to Plaintiffs.

5       77.     Defendants, improperly and without justification, withheld the $10,000 in

6  compensation due to Plaintiffs from the Harrison settlement, and appropriated Plaintiffs' monies

7  for their own use despite repeatedly acknowledging that Plaintiffs were entitled to $10,000 as

8  compensation for their services.

9       78.     As an actual and proximate result of Defendants' breaches of these express

10  contractual terms described herein, Plaintiffs have incurred monetary damages in a sum in

11  excess of the jurisdictional amount of this Court, plus attorney fees and costs, and additional

12  amounts according to proof at time of trial.

13

14                          **THIRD CAUSE OF ACTION**
                 **Promissory Estoppel on Oder and Harrison Settlements**
15

16       79.     Plaintiffs re-allege and reincorporate each and every allegation contained in the

17  General Allegations and all previous paragraphs of all previous sections and Causes of Action

18  in this Complaint, inclusive, as though fully set forth herein.

19       80.     Defendants expressly and unambiguously promised to compensate Plaintiffs for

20  their services in connection with the settlement of the Oder and Harrison life policies to buyers

21  identified and secured by Defendants.

22       81.     The agreements between Plaintiffs and Defendants with respect to the Oder

23  settlements expressly and unambiguously provided that Plaintiffs would receive the sum of

24  $170,000 per life policy for a sum total of $340,000 in compensation.  The agreement between

25  Plaintiffs and Defendants with respect to the Harrison settlement expressly and unambiguously

26  provided that Plaintiffs would receive compensation in the sum of $10,000.

27       82.     Defendants breached their promises to Plaintiffs.  Defendants, improperly and

28  without justification, only paid Plaintiffs half the amount promised to them under the Oder

---

**Complaint for Damages**                    *Do-Galvan & Grant v. Rumson Group et al.*

1    contracts and appropriated for their own use the remaining $170,000 owed to Plaintiffs despite

2    receiving the full amount of the compensation due to the respective parties from the settlement

3    of the Oder policies.  Defendants also did not pay the $10,000 promised to Plaintiffs under the

4    Harrison settlement despite receiving the full amount of the compensation due to the respective

5    parties.

6         83.    Plaintiffs actually relied on Defendants' promises, and performed various

7    services for the benefit of Defendants, which resulted in substantial monetary benefits to

8    Defendants.  As a result of relying on Defendants' promises, Plaintiffs rejected other offers

9    received from parties interested in the settlement of the Oder and Harrison life insurance

10   policies.

11        84.    Plaintiffs' reliance on Defendants' promises were reasonable and foreseeable in

12   that Defendants deliberately intended to induce Plaintiffs' reliance on such promises knowing

13   that the parties had engaged in similar transactions in the past, and that Plaintiffs had been

14   compensated by Defendants for such services performed in connection with the settlement of

15   life insurance policies.

16        85.    Plaintiffs placed trust and confidence in the integrity and fidelity of Defendants

17   and detrimentally relied on Defendants' promises.  Defendants' conduct was unconscionable,

18   and Defendants unjustly enriched themselves at Plaintiffs' expense.

19        86.    As a proximate result of the wrongful conduct of Defendants as herein alleged,

20   Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of

21   this Court, plus attorney fees and costs, and additional amounts according to proof at time of

22   trial.

23        87.    Accordingly, enforcement of Defendants' promises to compensate Plaintiffs for

24   the services provided in connection with the settlement of the Oder and Harrison life insurance

25   policies is the only just remedy.

26   / . / . /

27   / . / . /

28   / . / . /

---

**Complaint for Damages**              *Do-Galvan & Grant v. Rumson Group et al.*

## FOURTH CAUSE OF ACTION
### Unjust Enrichment

88.     Plaintiffs re-allege and reincorporate each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

89.     Defendants expressly and unambiguously promised to compensate Plaintiffs for their services in connection with the settlement of the Oder and Harrison life policies to buyers identified and secured by Defendants.

90.     The agreements between Plaintiffs and Defendants with respect to the Oder settlements expressly and unambiguously provided that Plaintiffs would receive $170,000 per life policy for a sum total of $340,000 in compensation.  Defendants paid Plaintiffs a sum of $170,000 by check dated June 22, 2009, and withheld the balance of $170,000 due to Plaintiffs.

91.     The agreement between Plaintiffs and Defendants with respect to the Harrison settlement expressly and unambiguously provided that Plaintiffs would receive compensation in the sum of $10,000.  Defendants received $30,000 in disbursements from the settlement of the Harrison policy, of which at least $10,000 constituted compensation due to Plaintiffs for services performed.

92.     Defendants repeatedly acknowledged that Plaintiffs were owed a balance of $170,000 from the settlement of the Oder policies, and $10,000 from the settlement of the Harrison policy.  To-date Defendants have not compensated Plaintiffs, as promised.

93.     Defendants, and each of them, jointly and severally, through their wrongful conduct as described in this Complaint, have reaped substantial profits from improperly appropriating monies belonging to Plaintiffs.  In so doing, Defendants have caused Plaintiffs to suffer substantial monetary losses, which damages and costs were the foreseeable and intended consequences of Defendants' actions.

94.     Defendants have been unjustly enriched at Plaintiffs' expense and Defendants continue to unjustly retain the monetary benefits that accrued to Plaintiffs and should have been disbursed to Plaintiffs by Defendants.

---

**Complaint for Damages**                    *Do-Galvan & Grant v. Rumson Group et al.*

95.     Defendants also unjustly enriched themselves by lying to Plaintiffs about the actual settlement price of Harrison life insurance policy.  Defendants represented that the Harrison policy would settle for $60,000, and on that basis offered Plaintiffs a commission of $10,000, which Plaintiffs accepted on the basis of Defendants' representation.

96.     Later, Plaintiffs discovered that Defendants had actually settled the Harrison policy for $75,000, and had unjustly retained an additional $15,000 in compensation, which should have accrued to the benefit of Plaintiffs and their client.  Defendants' retention of such additional compensation for their own benefit was unjust and constituted unjust enrichment because it was procured by means of fraud and deception.  Plaintiffs would have negotiated compensation in excess of $10,000 from the settlement of the Harrison life insurance policy and a higher net payment for their client had Defendants disclosed the actual settlement price of the Harrison policy.

97.     As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of this Court, plus attorney fees and costs, and additional amounts according to proof at time of trial.

98.     Based on the facts as alleged herein to be proven at trial, in equity and good conscience, it would be unconscionable and otherwise unjust for Defendants to enrich themselves at the expense of Plaintiffs.  Accordingly, Defendants should make restitution to Plaintiffs of all monetary benefits that accrued to Defendants consequent to their wrongful and unconscionable conduct

## FIFTH CAUSE OF ACTION
### Conversion

99.     Plaintiffs re-allege and reincorporate each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

---

**Complaint for Damages**          *Do-Galvan & Grant v. Rumson Group et al.*

100. Defendants and each of them conspired to violate Plaintiffs' rights and are therefore jointly and severally liable to Plaintiffs.

101. Plaintiffs had a right to receive $340,000 from the settlement of the two Oder life insurance policies. Defendants received disbursements totaling of $470,000 from the settlement of the two Oder life insurance policies of which $340,000 constituted Plaintiffs' property. However, Defendants only disbursed $170,000 of the $340,000 to Plaintiffs. Further, Plaintiffs had a right to receive $10,000 from the settlement of the Harrison life insurance policy. Defendants received a disbursement in the sum of $30,000 from the settlement of the Harrison life insurance policy on or about July 6, 2009, of which at least $10,000 constituted Plaintiffs' property. However, Plaintiffs did not receive any money from the settlement of the Harrison policy.

102. Defendants wrongfully and intentionally retained dominion and control over Plaintiffs' property and improperly used Plaintiffs' property for Defendants' own benefit. And, despite Plaintiffs' repeated demands to Defendants to return Plaintiffs' property in the sum of $180,000 and Defendants' admission and acknowledgement that they would do so, Defendants continue to wrongfully retain control and dominion over Plaintiffs' property.

103. As a proximate result of the wrongful conduct of Defendants as herein alleged, Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of this Court, plus attorney fees and costs, and additional amounts according to proof at time of trial.

## SIXTH CAUSE OF ACTION
### Intentional Misrepresentation on Oder and Harrison Settlements

104. Plaintiffs re-allege and reincorporate each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

105. Defendants had a legal duty to Plaintiffs to disclose all material facts relating to the Oder and Harrison transactions.

---

**Complaint for Damages**      *Do-Galvan & Grant v. Rumson Group et al.*

106.     Between May 2009 and February 2010, Defendants made numerous promises to Plaintiffs, the common thread of these representations being that Defendants intended to compensate Plaintiffs for services performed in connection with the settlement of the Oder and Harrison life insurance policies.

107.     Specifically, Defendants promised to compensate Plaintiffs in the sum of $340,000 from the settlement of the Oder policies and $10,000 from the settlement of the Harrison policy.

108.     Defendants breached their legal duties to Plaintiffs in that the representations made by Defendants were false.  In fact, Defendants did not intend to compensate Plaintiffs as promised.

109.     Further, Defendants represented to Plaintiffs that Defendants had identified a buyer who had offered to purchase the Harrison policy for a sum of $60,000.  On that basis, the parties agreed that Defendants would be compensated in the sum of $5,000 and Plaintiffs would be compensated in the sum of $10,000.  However, Defendants' representation regarding the settlement offer for the Harrison policy was false.  The true offer was $75,000.

110.     At the time Defendants made this representation to Plaintiffs, Defendants knew it to be false and did so with the intention of deceiving and defrauding Plaintiffs, and to induce Plaintiffs to act in reliance of Defendants' promises and representations in the manner described above, or with the expectation that Plaintiffs would so act.

111.     Plaintiffs were ignorant of the true offer made to Defendants by the prospective purchaser, Vespers Financial Inc, and could not, in the exercise of reasonable diligence, have discovered Defendants' fraud and concealment of material facts.

112.     Plaintiffs, based on past dealings with Defendants, reasonably relied on the veracity of Defendants' representations and entered into agreements with Defendants relating to the settlement of the Oder and Harrison life insurance policies.  In so doing, Plaintiffs rejected other offers and did not pursue other opportunities that were available to settle the Oder and Harrison policies.  Further, Plaintiffs' agreement relating to the compensation structure in connection with the Harrison transaction was based on material facts that were intentionally

---

1  concealed by Defendants.  If Defendants had informed Plaintiffs of the true settlement price of

2  the Harrison policy, as they should have, Plaintiffs would have negotiated additional

3  compensation for themselves and a higher net price for their client.

4      113.    As a proximate result of the fraudulent conduct of Defendants as herein alleged,

5  Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of

6  this Court, plus attorney fees and costs, and additional amounts according to proof at time of

7  trial.

8

9                          **SEVENTH CAUSE OF ACTION**
                  **Constructive Fraud on Harrison and Oder Settlements**
10

11      114.    Plaintiffs re-allege and reincorporate each and every allegation contained in the

12  General Allegations and all previous paragraphs of all previous sections and Causes of Action

13  in this Complaint, inclusive, as though fully set forth herein.

14      115.    Plaintiffs and Defendants, by virtue of prior transactions, had established a

15  custom and practice of dealing in the settlement of life insurance policies.  Defendants promised

16  to compensate Plaintiffs for services to be performed in connection with the settlement of the

17  Oder and Harrison life insurance policies.  Specifically, Defendants promised to compensate

18  Plaintiffs in the sum of $340,000 in connection with the settlement of the Oder policies and

19  $10,000 in connection with the settlement of the Harrison policy.

20      116.    Defendants had a legal duty to Plaintiffs to disclose all material facts relating to

21  the Oder and Harrison transactions.  Defendants' duty of disclosure was pursuant to a fiduciary

22  relationship between the parties.

23      117.    Defendants, however, concealed material facts pertaining to the Harrison and

24  Oder settlements, and made material misrepresentations to Plaintiffs regarding Plaintiffs'

25  compensation and Defendants' intent to compensate Plaintiffs.

26      118.    As a result of relying on Defendants' promises, Plaintiffs rejected other offers

27  received from parties interested in the settlement of the Oder and Harrison life insurance

28  policies.

---

**Complaint for Damages**              *Do-Galvan & Grant v. Rumson Group et al.*

119.    Plaintiffs placed trust and confidence in the integrity and fidelity of Defendants, and detrimentally relied on Defendants' promises. Plaintiffs' reliance on Defendants' promises were reasonable and foreseeable in that Defendants deliberately intended to induce Plaintiffs' reliance on such promises knowing that the parties had engaged in similar transactions in the past, and Plaintiffs had been compensated by Defendants for such settlement services provided by Plaintiffs in the past.

120.    As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of this Court, plus attorney fees and costs, and additional amounts according to proof at time of trial.

### EIGHTH CAUSE OF ACTION
#### Fraud in the Offer or Sale of Securities -
#### Violation of Section 17(a) of the Securities Act

121.    Plaintiffs re-allege and reincorporate each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

122.    Defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails: (1) with scienter, employed devices, schemes, or artifices to defraud; (2) obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (3) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

123.    By engaging in the conduct described above, Defendants, and each of them, violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

---

**Complaint for Damages**          *Do-Galvan & Grant v. Rumson Group et al.*

124.   As a proximate result of the fraudulent conduct of Defendants as herein alleged, Plaintiffs have incurred monetary damages in that Plaintiffs were induced to perform services and facilitate the settlement of certain life insurance policies, all by reason of which Plaintiffs have been damaged in at least the sum in excess of the jurisdictional amount of this Court, plus attorney fees and costs, and additional amounts according to proof at time of trial, including interest, attorney fees and costs.

### NINTH CAUSE OF ACTION
**Violation of California Corporations Code § 25401 -**
**Oder and Harrison Settlements**

125.   Plaintiffs re-allege and reincorporate each and every allegation contained in the General Allegations and all previous paragraphs of all previous sections and Causes of Action in this Complaint, inclusive, as though fully set forth herein.

126.   Defendants and each of them, by engaging in the conduct described above, offered to and did in fact broker the sale of securities in the State of California by means of both written and oral communications, which included untrue statements of material fact. Defendants further omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

127.   At all times relevant to this Complaint, Defendants, individually and in concert, directly and indirectly, devised and participated in a fraudulent scheme and a course of conduct for the purpose of inducing Plaintiffs to advise their clients to sell securities purchased, owned or controlled by them, by engaging in the wrongful conduct set forth above.

128.   The misrepresentations, omissions and concealments of material facts alleged herein above were false and misleading when made, and the Defendants, and each of them, knew or had reasonable grounds to believe that these statements, omissions and/or concealments were false or misleading.  The Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct alleged herein, or as principals, officers and/or agents, knew or had reason to know of such wrongful

---

**Complaint for Damages**                              *Do-Galvan & Grant v. Rumson Group et al.*

1   conduct. In doing so, each of the Defendants acted with knowledge of, or in reckless disregard

2   of, the wrongful nature of the conduct aided and abetted. Defendants further realized that their

3   conduct would substantially assist the accomplishment of the wrong, which they aided and

4   abetted.

5       129.   As a proximate result of the fraudulent conduct of Defendants as herein alleged,

6   Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of

7   this Court, plus attorney fees and costs, and additional amounts according to proof at time of

8   trial.

9

10                              **TENTH CAUSE OF ACTION**
                                **Cal. Civil Code § 3439 –**
11                   **Fraudulent Transfer on Oder and Harrison Settlements**

12      130.   Plaintiffs re-allege and reincorporate each and every allegation contained in the

13   General Allegations and all previous paragraphs of all previous sections and Causes of Action

14   in this Complaint, inclusive, as though fully set forth herein.

15      131.   Plaintiffs are creditors of Defendants and have a right to payment under the Oder

16   and Harrison contracts

17      132.   Defendants promised to pay Plaintiffs a sum of $340,000 in connection with the

18   Oder settlements, and $10,000 in connection with the Harrison settlement.

19      133.   Defendants, however, did not pay Plaintiffs pursuant to their obligations to do so.

20   Instead, Defendants transferred Plaintiffs' monies without Plaintiffs' knowledge and consent for

21   Defendants' own use and benefit.

22      134.   Defendants' transfer of such monies for Defendants' own use and benefit was

23   fraudulent in that it was done with the intention of actually hindering Plaintiffs from obtaining

24   monies due to them from the Oder and Harrison settlements, delaying Plaintiffs' receipt of such

25   monies from said settlements, and defrauding Plaintiffs of their compensation in connection

26   with the Oder and Harrison settlements.

27      135.   As a proximate result of the fraudulent conduct of Defendants as herein alleged,

28   Plaintiffs have incurred monetary damages in a sum in excess of the jurisdictional amount of

---

1   this Court, plus attorney fees and costs, and additional amounts according to proof at time of

2   trial.

### JURY TRIAL DEMAND

4          136.   Plaintiffs hereby request a jury trial in this action.

### RELIEF REQUESTED

6   Wherefore, Plaintiffs respectfully request that this Court grant the following relief:

7          1.     Compensatory damages according to proof against all Defendants;

8          2.     Special damages according to proof against all Defendants;

9          3.     Restitution according to proof against all Defendants;

10         4.     Interest in an amount according to proof at time of trial;

11         5.     Exemplary and punitive damages in an amount according to proof against all

12  Defendants;

13         6.     Attorney fees and costs as provided by law;

14         7.     Such other and further relief as the Court may deem proper.

16  DATED:  November 23, 2010          LAW OFFICE OF JIVAKA CANDAPPA

18                                     By: _____

19                                     JIVAKA CANDAPPA, Attorney for Plaintiffs
                                       MAI DO-GALVAN AND CORY GRANT

---

**Complaint for Damages**          *Do-Galvan & Grant v. Rumson Group et al.*

# EXHIBIT  1

**Mai Do-Galvan**

**From:** Sam Mangel [sam@therumsongroup.com]
**Sent:** Thursday, August 13, 2009 7:25 AM
**To:** Mai Do-Galvan
**Subject:** RE: comp owed

Mai,
I fully understand the terrible position that we have put you in. this is the first time this has ever occurred and unfortunately the person who did this to us was terminated 3 weeks ago once this was discovered.

I am trying my best to get you paid asap! My commitment to you will not change, and as soon as we have that money, 180k, you will be paid immediately!!

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges. If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited. If you have received this email in error, please delete this message and kindly notify the sender by reply email

**From:** Mai Do-Galvan [mailto:mdo-galvan@ghjinc.com]
**Sent:** Tuesday, August 11, 2009 7:10 PM
**To:** Sam Mangel
**Subject:** RE: comp owed

Sam – If this indeed happened – I am sorry to hear for you. You have given me so many reasons previously, and I feel like it was all a big run around. Especially when you advised us you got paid so fast on the first Oder and you did indeed paid us $170K so it still does not make sense how the bids were inflated when you did receive comp in the correct amount in order to pay us.

Anyways, whatever the reason, we were depending on this comp for our business and would like some definitive date of the near future.

Thanks,
Mai

**From:** Sam Mangel [mailto:sam@therumsongroup.com]
**Sent:** Friday, August 07, 2009 7:23 AM
**To:** Mai Do-Galvan
**Cc:** Sam Mangel
**Subject:** comp owed

Mai,

1

**EXHIBIT 1**

Here is the situation. We had an employee who worked for us until about 3 weeks ago. We learned that he was "supposedly" negotiating certain bids, and as part of his personal comp arrangement with our firm, was paid on the profit Rumson made on these deals. He was advanced certain monies due to a divorce he was going through, which Rumson did.

We learned about that time that the bids he purportedly received from certain funds were grossly inflated, which artificially inflated his personal commission. When we went to reconcile the figures we learned he did this to the tune of about 500k, 180k of which was on your two files.

This is not your problem, it is ours. We are in the process of either getting the money back from him, although that is only a small fraction of the above amount since those bids never actually existed, or working out a loan to repay you and one other agency.

I am truly sorry about this and completely understand your anger and frustration. I also understand if you never work with Rumson again.

However as I told you, we are responsible for the full comp, 180k, owed you, and will be paying you in the near future.

Tks
Sam

# EXHIBIT 2

**EXHIBIT 2**

## Mai Do-Galvan

| | |
|---|---|
| **From:** | Sam Mangel [sam@therumsongroup.com] |
| **Sent:** | Tuesday, July 28, 2009 10:16 AM |
| **To:** | Mai Do-Galvan |
| **Subject:** | RE: 2nd oder payment |

Harrison funded on Monday july 7th, so we get paid on Friday per the fund

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges. If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited. If you have received this email in error, please delete this message and kindly notify the sender by reply email

**From:** Mai Do-Galvan [mailto:mdo-galvan@ghjinc.com]
**Sent:** Tuesday, July 28, 2009 1:18 PM
**To:** Sam Mangel
**Subject:** RE: 2nd oder payment

Sam,

You advised me on July 21st that it would be Friday so it would have been last Friday. Dates keep getting pushed further out each time. We are disappointed that comp is taking so long now, beyond recission period even on this case. As far as Oder, we really hope to see this comp on Wed. this week.

Thanks,
Mia

**From:** Sam Mangel [mailto:sam@therumsongroup.com]
**Sent:** Tuesday, July 28, 2009 10:09 AM
**To:** Mai Do-Galvan
**Subject:** RE: 2nd oder payment

Friday

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may

1

EXHIBIT 2

contain confidential information protected by attorney/client or other privileges. If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited. If you have received this email in error, please delete this message and kindly notify the sender by reply email

---

**From:** Mai Do-Galvan [mailto:mdo-galvan@ghjinc.com]
**Sent:** Tuesday, July 28, 2009 1:12 PM
**To:** Sam Mangel
**Subject:** RE: 2nd oder payment

No comp yet on Harrison?

---

**From:** Sam Mangel [mailto:sam@therumsongroup.com]
**Sent:** Tuesday, July 21, 2009 9:29 AM
**To:** Mai Do-Galvan
**Subject:** RE: 2nd oder payment

We expect the Harrison comp on Friday and will send that immed. re. Oder, the fund changed their offer to us after the deal was to the point where the changes were completed. They told me that they wanted to reduce the bid to the clients after the whole return of money issue.

I told them we wont do that. I also would never go back to you for a comp reduction, so I am handling your comp via another deal, which we are promised will fund to us by next Weds.

Tks,
Sam


Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges. If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited. If you have received this email in error, please delete this message and kindly notify the sender by reply email

---

**From:** Mai Do-Galvan [mailto:mdo-galvan@ghjinc.com]
**Sent:** Tuesday, July 21, 2009 12:27 PM
**To:** Sam Mangel
**Subject:** RE: 2nd oder payment

Hi Sam,

Ok great that we will eventually get paid, but what exactly happened – was our comp directed elsewhere by your office or the funder?

Also pls advise on Harry Harrison's comp as well.

**EXHIBIT 2**

Thanks,
Mai

---

**From:** Sam Mangel [mailto:sam@therumsongroup.com]
**Sent:** Tuesday, July 21, 2009 4:36 AM
**To:** Mai Do-Galvan
**Subject:** 2nd oder payment

**Good morning Mai,**
We expect to have you paid in full by next Wednesday. As I mentioned, we needed to take the comp from another file, which is due to fund to us next Tuesday. We will wire the money to the count you gave us.
Sorry for any delay,

**Sam**


Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges.  If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited.  If you have received this email in error, please delete this message and kindly notify the sender by reply email

**EXHIBIT 2**

Securities offered through representatives of Lincoln Financial Securities Corporation, a registered broker/dealer, Member NASD/SIPC. Lincoln Financial Securities Corporation and Grant, Hinkle & Jacobs are not affiliated.

-----Original Message-----
From: Sam Mangel [mailto:sam@therumsongroup.com]
Sent: Friday, September 11, 2009 9:30 AM
To: Cory Grant; Mai Do-Galvan
Subject: RE: debt

I promise to keep you 100% in the loop as each deal moves forward

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges. If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited. If you have received this email in error, please delete this message and kindly notify the sender by reply email

-----Original Message-----
From: Cory Grant [mailto:cgrant@ghjinc.com]
Sent: Friday, September 11, 2009 12:29 PM
To: Sam Mangel; Cory Grant; Mai Do-Galvan
Cc: Sam Mangel
Subject: RE: debt

Thank you.

Cory C. Grant
Chairman & Managing Partner
Grant, Hinkle & Jacobs, Inc.
462 Stevens Ave. #302
Solana Beach, CA 92075
800-423-4890 P
858-350-0670 F
www.ghjinc.com

---- Original Message ----
From: "Sam Mangel" <sam@therumsongroup.com>
Date: 9/11/09 9:00 am
To: "Cory Grant" <cgrant@ghjinc.com> ; "Mai Do-Galvan" <mdo-galvan@ghjinc.com>
Cc: "Sam Mangel" <sam@therumsongroup.com>
Subj: debt
Good Morning,

2

**EXHIBIT 2**

I wanted to keep you informed. We have, or should have, 3 deals going to closing next week. We think that we will be in a position to reduce or eliminate any of the outstanding money owed to your firm once these settle, and will pay you as they settle, not waiting for them all to conclude.

Tks

Sam

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges.  If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited.  If you have received this email in error, please delete this message and kindly notify the sender by reply email

3

**Mai Do-Galvan**

| | |
|---|---|
| **From:** | Sam Mangel [sam@therumsongroup.com] |
| **Sent:** | Thursday, October 01, 2009 4:52 AM |
| **To:** | Cory Grant; Mai Do-Galvan |
| **Cc:** | Sam Mangel |
| **Subject:** | RE: debt |



Good morning,
We have completed two deals, contracts back, that should be able to pay a substantial part of
your commission. We have also instituted litigation yesterday against the group that we were
involved with in the Indian donation program for fees due to Rumson.


I expect to be able to pay you within the next two weeks from our settlements a large part of
the 185k.


Tks
Sam

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity
to whom it is addressed and may contain confidential information protected by attorney/client
or other privileges.  If you are not the intended recipient, or the employee or agent
responsible for delivery to the intended recipient, you are hereby notified that any
dissemination or copying of this message is strictly prohibited.  If you have received this
email in error, please delete this message and kindly notify the sender by reply email


-----Original Message-----
From: Cory Grant [mailto:cgrant@ghjinc.com]
Sent: Friday, September 11, 2009 12:52 PM
To: Sam Mangel; Mai Do-Galvan
Subject: RE: debt

Thank you.

Cory C. Grant
Chairman & Managing Partner
Grant, Hinkle & Jacobs, Inc.
462 Stevens Ave #302
Solana Beach, CA 92075
(800) 423-4890
(858) 350-4000
(858) 350-0670 FAX
www.ghjinc.com

**EXHIBIT 2**

**Mai Do-Galvan**

| | |
|---|---|
| **From:** | Sam Mangel [sam@therumsongroup.com] |
| **Sent:** | Wednesday, October 07, 2009 3:02 PM |
| **To:** | Mai Do-Galvan |
| **Subject:** | Debt |

Mai,
I wanted to let you know that we have received the closing docs back on one file, and expect
the second set back early next week.
Once paid, we will be able to pay you all or nearly all of the money owed you!
Please let Cory know this too.

Tks
Sam

## Mai Do-Galvan

| | |
|---|---|
| **From:** | Sam Mangel [sam@therumsongroup.com] |
| **Sent:** | Monday, November 02, 2009 12:21 PM |
| **To:** | Mai Do-Galvan |
| **Subject:** | RE: Debt |



Sorry, I was out on thurs and Friday last week. We are on target for resolving part or most of the debt within the next two weeks. We have 6 deals with changes at the carrier. Pending completion and we get paid, so will you.

Tks
Sam

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges. If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited. If you have received this email in error, please delete this message and kindly notify the sender by reply email

-----Original Message-----
From: Mai Do-Galvan [mailto:mdo-galvan@ghjinc.com]
Sent: Monday, November 02, 2009 3:21 PM
To: Sam Mangel
Subject: RE: Debt

Hi Sam - anything new?

-----Original Message-----
From: Sam Mangel [mailto:sam@therumsongroup.com]
Sent: Tuesday, October 20, 2009 11:32 AM
To: Mai Do-Galvan
Cc: Cory Grant
Subject: RE: Debt

Very well. The changes are at the carriers on those effected.

Tks
Sam

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990

1

**Mai Do-Galvan**

| | |
|---|---|
| **From:** | Sam Mangel [sam@therumsongroup.com] |
| **Sent:** | Tuesday, December 01, 2009 9:52 AM |
| **To:** | Mai Do-Galvan |
| **Cc:** | Cory Grant |
| **Subject:** | RE: oder |



We are working on this now. We have a few deals that are in the process of closing. The one we were hoping to use for you fell apart when maple pulled their offer the day the changes were supposed to hit the carrier.


Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges.  If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited.  If you have received this email in error, please delete this message and kindly notify the sender by reply email


-----Original Message-----
From: Mai Do-Galvan [mailto:mdo-galvan@ghjinc.com]
Sent: Tuesday, December 01, 2009 12:48 PM
To: Sam Mangel
Cc: Cory Grant
Subject: RE: oder

Hi Sam - We need to have something asap.  It has been since July we do not have use of our money.

-----Original Message-----
From: Sam Mangel [mailto:sam@therumsongroup.com]
Sent: Monday, November 16, 2009 4:11 PM
To: Mai Do-Galvan
Subject: Re: oder

Very

----- Original Message -----
From: Mai Do-Galvan <mdo-galvan@ghjinc.com>
To: Sam Mangel
Sent: Mon Nov 16 19:11:43 2009
Subject: RE: oder

Ok thanks Sam.  How close are you to paying us the Oder comp?

1

**EXHIBIT 2**

**Mai Do-Galvan**

| | |
|---|---|
| **From:** | Sam Mangel [sam@therumsongroup.com] |
| **Sent:** | Tuesday, February 09, 2010 12:26 PM |
| **To:** | Mai Do-Galvan |
| **Cc:** | Sam Mangel |
| **Subject:** | RE: Debt |

*Last correspondence*

Mai,

We are truly trying to work on it. We have been waiting for the payment of a very large file for the past 2 months to begin paying you.

While you can certainly take legal remedies, I doubt that would be too successful at this point. I have no problem trying to pay you off over time with whatever revenue we get from our other deals, or trying to make it up to you by doing a few deals for you at no fee to us ie Chambers.

That's the best we can do.
Trust me, legal action will simply make the attorneys wealthier and wind up getting your clients involved which wouldn't help anyone.

I promise to keep you in the loop

Sam

Sam Mangel
President, The Rumson Group, LLC
261 Old York Road, Suite 711
Jenkintown, PA 19046
Phone: 215-886-9633
Facsimile: 215-481-9990
Cellular: 215-694-2300

This email, including attachments, is intended only for the use of the individual or entity to whom it is addressed and may contain confidential information protected by attorney/client or other privileges.  If you are not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any dissemination or copying of this message is strictly prohibited.  If you have received this email in error, please delete this message and kindly notify the sender by reply email

-----Original Message-----
From: Mai Do-Galvan [mailto:mdo-galvan@ghjinc.com]
Sent: Tuesday, February 09, 2010 3:26 PM
To: Sam Mangel
Subject: RE: Debt

Sam - what happened to all six deals from November?  They all couldn't have fell through. This will be our last attempt to try to work something out with you without legal actions.

-----Original Message-----
From: Sam Mangel [mailto:sam@therumsongroup.com]
Sent: Monday, November 02, 2009 12:21 PM
To: Mai Do-Galvan
Subject: RE: Debt

1

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Mai Do-Galvan and Cory Grant | The Rumson Group, LLC, Rumson Capital, LLC, Rumson Capital, L.P., Rumson Capital, Inc., Samuel Mangel, et al. |

**(b)** County of Residence of First Listed Plaintiff  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Montgomery, PA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)
Jivaka Candappa, Law Office of Jivaka Candappa, 180 Grand Avenue, Suite 700, Oakland, CA 94612

Attorneys (If Known)

'10 CV 2425 DMS     CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332, 15 USC 77q
Brief description of cause:
Breach of contract and fraud involving life settlement contracts.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):     JUDGE                     DOCKET NUMBER

DATE
11/23/2010

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 20529   AMOUNT 350.00   APPLYING IFP            JUDGE            MAG. JUDGE

MS  11/24/10

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS020529
Cashier ID: msweaney
Transaction Date: 11/24/2010
Payer Name: J CANDAPPA LAW FIRM
--------------------------------
CIVIL FILING FEE
 For: DO-GALVAN AND GRANT V RUMSON G
 Case/Party: D-CAS-3-10-CV-002425-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 1709
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```